### JOHN HOLDEN v. THE STATEE.

#### No. 1932. Decided January 24, 1900.

**1. Local Option Election—"School District"—Indictment.**

By the amendment to article 3384, Revised Statutes (Acts Twenty-fifth Legislature, page 235), it is not necessary to set out in an indictment for violation of local option in a "school district" the metes and bounds of said school district, and an indictment charging that the offense was committed in "school district No. 66," where there is only one district of that number in the county, is a sufficient description of the district.

**2. Same—Description of Territory—Metes and Bounds.**

It is only where two or more arbitrary subdivisions of a county for local option election purposes are mentioned in the petition for the election that it is necessary to set out the metes and bounds in the indictment. Distinguishing Smith v. State, 49 Southwestern Reporter, 373.

APPEAL from the County Court of Hunt. Tried below before Hon. P. D. THOMPSON, County Judge.

Appellant, John Holden, was tried under indictment charging a violation of the local option law in school district No. 66, was convicted, and his punishment assessed at a fine of $25 and twenty days imprisonment in the county jail, from which said judgment and sentence he appeals to this court. Appellant moved in arrest of judgment because the indictment failed to set forth the metes and bounds of said school district, and the motion was overruled. No further statement necessary.

No briefs found in the record.

*Rob't A. John,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted for violating the local option law. The motion in arrest of judgment was based upon the failure of the indictment to set out the metes and bounds of school district No. 66, in which it was alleged the law was in force, and where the liquor is charged to have been sold. The sale is alleged to have occurred December 1, 1898. In support of this motion, we are referred to Smith v. State (Texas Criminal Appeals), 49 Southwestern Reporter, 373. The indictment in that case was held defective, because it did not set out the school district by metes and bounds; the court holding it was not an arbitrary subdivision, and therefore it was necessary to set out the metes and bounds. The allegation of time is not mentioned in the opinion in the Smith case, but an inspection of the original record discloses the sale in that case occurred in 1896. It was then necessary to describe the school district by metes and bounds, under the terms of article 3384 of the Revised Civil Statutes. Under this article it was necessary, wherever the commissioners court had designated such subdivision as a school district, to set out the same by metes and bounds, and show this upon

the record. Since then the act of the Twenty-fifth Legislature (page 235) amended this article so as to include school districts among what is termed in the Smith case "arbitrary subdivisions." Under the terms of article 3938, the commissioners court was required to divide the county into school districts and number them. This statute is mandatory. It was held under article 3384, supra, that it was not necessary to set out the metes and bounds of a justice precinct, and by the amendment of said article school districts were placed upon the same basis by legislative enactment. The indictment herein was evidently framed under the amended article, for its allegation of time was long subsequent to said amendment. The indictment describes the territory as being "school district No. 66." We think this was a sufficient designation of the territory, and it was unnecessary to set out its metes and bounds. By an inspection of article 3384 as amended, it will be seen it is only necessary to set out the territory by metes and bounds when there are two or more of these arbitrary subdivisions mentioned in the petition for local option. If it is sought to hold the election in only one of said subdivisions, then it is not necessary to set out such metes and bounds. There was no error in refusing to arrest the judgment. The indictment is sufficient. The judgment is accordingly affirmed.

*Affirmed.*